## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| MAX GERBOC, on his own behalf and for all others similarly situated <br><br>        Plaintiff, <br><br>    v. <br><br> CONTEXTLOGIC INC., <br><br>        Defendant. | Case No.: 1:16-cv-00928 <br><br> **Judge Donald C. Nugent** <br><br> **Magistrate Judge Thomas M. Parker** <br><br> **DEFENDANT CONTEXTLOGIC INC.'S** <br> **MOTION TO DISMISS** |

Defendant ContextLogic Inc. hereby moves this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss with prejudice Plaintiff's Class Action Complaint (the "Complaint").

Plaintiff's individual and class claims for violation of the Ohio Consumer Sales Practices Act, § O.R.C. 1345 et seq., breach of contract, unjust enrichment, and fraud should be dismissed for failure to state a claim upon which relief may be granted.  The Complaint fails to identify any conduct by ContextLogic that could be considered deceptive, unconscionable, fraudulent, or in breach of any agreement with Plaintiff or Ohio consumers.  Further, Plaintiff has not alleged an injury cognizable under Ohio law for any of the asserted claims for relief in the Complaint.

For these reasons and those set forth in the attached memorandum in support, ContextLogic requests that this Court grant its motion and dismiss Plaintiff's Complaint with prejudice.

Dated:  June 10, 2016

Respectfully submitted,

 _/s/ Jeffrey S. Jacobson_____
Jeffrey S. Jacobson*
*jjacobson@kelleydrye.com*
Lauri A. Mazzuchetti*
*lmazzuchetti@kelleydrye.com*
James B. Saylor*
*jsaylor@kelleydrye.com*
Kelley Drye & Warren LLP
101 Park Avenue
New York, New York 10178
Tel: (212) 808-7800
Fax: (212) 808-7897
*pro hac vice*

David H. Wallace (0037210)
*dwallace@taftlaw.com*
Michael J. Zbiegien Jr. (0078352)
*mzbiegien@taftlaw.com*
Taft Stettinius & Hollister LLP
200 Public Square, Suite 3500
Cleveland, Ohio 44114-2302
Telephone: 216.241.2838
Fax: 216.241.3707

Attorneys for Defendant
ContextLogic, Inc.

.

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

MAX GERBOC, on his own behalf and for
all others similarly situated

                           Plaintiff,

           v.

CONTEXTLOGIC INC.,

                         Defendant.

Case No.: 1:16-cv-00928

**Judge Donald C. Nugent**

**Magistrate Judge Thomas M. Parker**

**DEFENDANT CONTEXTLOGIC INC.'S MEMORANDUM OF LAW
<u>IN SUPPORT OF MOTION TO DISMISS</u>**

# **Table of Contents**

**Page**

I.    PRELIMINARY STATEMENT AND SUMMARY OF ARGUMENT ......................... 1

II.   STATEMENT OF FACTS ............................................................................ 2

III.  ARGUMENT ............................................................................................. 3

IV.   Plaintiff Has No Claim Under the Ohio CSPA, O.R.C. § 1345 *et seq.* (Count I) ............ 4

     A.   Plaintiff's Individual Claim Fails Because He Fails to Identify How ContextLogic's Conduct is Prohibited by the CSPA ............................................ 4

     B.   Plaintiff Has Not Suffered Any Injury Cognizable Under the CSPA ................... 8

V.    Plaintiff Has No Claim For Breach of Contract (Count II) ................................. 9

VI.   Plaintiff Has No Claim For Unjust Enrichment (Count III) .......................... 10

VII.  Plaintiff Has No Claim For Fraud (Count IV) ................................................ 11

     A.   Plaintiff Fails to Plausibly and Specifically Allege a Misrepresentation by ContextLogic, and Justifiable Reliance Thereon ................................... 12

     B.   Plaintiff Fails to Allege Injury Proximately Caused by Alleged Fraud .............. 13

VIII. Plaintiff's Class Claims Should Be Dismissed Because He Fails to Allege Prior Notice Under the CSPA or Actual Damages .................................................... 13

     A.   Plaintiff's Class Claims Under the CSPA Must Be Dismissed For Lack of Prior Notice ................................................................................. 14

     B.   Lack of Actual Damages Requires Dismissal of Class Claims .......................... 18

IX.   CONCLUSION .......................................................................................... 19

i

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Asp v. Toshiba Am. Consumer Products, LLC*,
  616 F. Supp.2d 721 (S.D. Ohio 2008) ..................................................................10

*Bartell v. LTF Club Operations Co.*,
  No. 2:14-CV-00401, 2015 WL 1730415 (S.D. Ohio Apr. 14, 2015) .....................10

*Bower v. International Business Machines, Inc.*,
  495 F. Supp.2d 837 (S.D. Ohio 2007) ..................................................................14

*Byers v. Coppel*,
  No. 02CA2678., 2003-Ohio-3407 (Ohio Ct. App. 4th Dist., 2003) ..........................5

*Cassidy v. Teaching Co., LLC*,
  No. 2:13-CV-884, 2014 WL 1599518 (S.D. Ohio Apr. 21, 2014) .........................18

*State ex rel. Celebrezze v. Nationwide Warehouse & Storage, Inc.*,
  Case No. 90CVH086199, PIF No. 10001100 .......................................................16

*Czyewski v. Dave Arbogast Buick/Pontiac/GMC Truck*,
  No. 22187, 2008-Ohio-2872 (Ohio Ct. App. 2d Dist., June 13, 2008).....................5

*Delahunt v. Cytodyne Tech.*,
  241 F. Supp.2d 827 (S.D. Ohio 2003) ..................................................................13

*Favors v. Burke*,
  No. 98617, 2013-Ohio-823 (Ohio Ct. App. 8th Dist., 2013).....................................9

*Felix v. Ganley Chevrolet, Inc.*,
  145 Ohio St. 3d 329, 49 N.E.3d 1224 (Ohio 2015) ...........................................8, 18

*State ex rel. Fisher v. Diamonds Columbus, Inc.*,
  Case No. 91CVH043316, PIF No. 10000102 .......................................................16

*Gallagher v. WMK Inc.*,
  No. 23564, 2007-Ohio-6615 (Ohio Ct. App. 9th Dist., Dec. 12, 2007) ...................5

*Hambleton v. R.G. Barry Corp.*,
  12 Ohio St.3d 179, 465 N.E.2d 1298 (Ohio 1984) ...............................................11

*Ice v. Hobby Lobby Stores, Inc.*,
  No. 1:14CV744, 2015 WL 5731290 (N.D. Ohio Sept. 29, 2015) ................... *passim*

*Johnson v. Jos. A. Bank Clothiers, Inc.*,
No. 2:13-CV-756, 2014 WL 64318 (S.D. Ohio Jan. 8, 2014) ............................................7, 18

*Keys v. Humana, Inc.*,
684 F.3d 605 (6th Cir. 2012) ..................................................................................................4

*Konarzewski v. Ganley, Inc.*,
No. 92623, 2009-Ohio-5827 (Ohio Ct. App. 8th Dist., Nov. 5, 2009) ..................................18

*Marrone v. Philip Morris USA*,
110 Ohio St. 3d 5, 850 N.E.2d 31 (Ohio 2006) ....................................................................15

*Martin v. Lamrite W., Inc.*,
41 N.E.3d 850 (Ohio Ct. App. 8th Dist., 2015), *appeal not allowed Martin v.*
*Lamrite W., Inc.*, 145 Ohio St. 3d 1409, 46 N.E.3d 703 (Ohio 2016) ............................ *passim*

*State ex rel. Montgomery v. International Diamond Exchange Jewelers, Inc.*,
Case No. 96 5380, PIF No. 10001701 ....................................................................................16

*Ogden v. Intrigue Jewelers, Inc., et al.*,
Case No. 881 CVH 04 3316, PIF No. 10000637 ................................................................17, 18

*Pattie v. Coach, Inc.*
29 F. Supp.3d 1051, 1057 (N.D. Ohio 2014) ................................................................... *passim*

*State of Ohio ex rel. Petro v. Craftmatic Organization, Inc.*,
Case No. 05-CVH-06-06060, PIF No. 10002347 ..................................................................16

*State of Ohio ex rel. Rogers v. Indoor Environmental Air Consulting, LLC*,
Case No. 08 CVH 03 4028, PIF No. 10002721 ......................................................................16

*Steigerwald v. BHH*,
LCC, No. 1:15 CV 741, 2015 WL 5559901 (N.D. Ohio Sept. 21, 2015) ...................... *passim*

*Teeters Constr. v. Dort*,
142 Ohio Misc.2d 1, 869 N.E.2d 756 (Ohio Mun. Ct. Franklin Cty., 2009)............................5

*Terlesky v. Fifth Dimension, Inc.*,
No. 1:15-CV-374, 2015 WL 7254189 (S.D. Ohio Nov. 17, 2015) ..................................12, 13

**Statutes**

Ohio Consumer Sales Protection Act ................................................................................ *passim*

O.R.C. § 1345.02 .................................................................................................................4, 15

O.R.C. § 1345.09 .........................................................................................................8, 14, 18, 19

**Other Authorities**

Fed. R. Civ. Proc. 9(b) ...................................................................................................12

Fed. R. Civ. Proc. 12(b)(6) .........................................................................................1, 4

O.A.C. 109:4–3–04 ........................................................................................................17

O.A.C. 109: 4–3–12 ....................................................................................................7, 15

Defendant ContextLogic Inc. hereby submits the following Memorandum of Law in support of its motion, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss with prejudice Plaintiff's Class Action Complaint (the "Complaint").

## I.   PRELIMINARY STATEMENT AND SUMMARY OF ARGUMENT

Plaintiff Max Gerboc visited the shopping website www.Wish.com, found a portable Bluetooth speaker he was interested in buying available from a seller on the website for $27.00, paid that amount, and received the speaker in good working order.  He makes no complaint about the price or the product and, having paid the agreed price to receive the product he wanted, he neither has nor asserts any actual injury.  However, by twisting Ohio advertising laws and regulations beyond recognition, Plaintiff's counsel contends that Plaintiff can keep his Bluetooth speaker but pay only $2.00 for it.  Other Ohio courts have roundly and routinely rejected this meritless legal theory, and this Court should do the same.

As alleged in Plaintiff's Complaint (at ¶ 19), when Plaintiff saw on Wish.com a picture of the Bluetooth speaker he wanted, the website displayed a price of $28.00, next to the smaller image "$300" — $300 with a line struck through it.  The page did not refer to the $300 number as an original price or a reference price; it merely showed, at most, that the item did not cost $300.  Plaintiff's incorrectly argues, however, that the struck-through price falls within regulations governing advertisements of product *quality* and "out-of-store advertisements" reflecting "discounts."

Plaintiff's individual claims fail because the laws and regulations he cites do not apply and because, in any event, he has suffered no injury.  Then, even if Plaintiff has stated or could state an individual claim, which he has not and cannot, his *class* claims fail because black-letter Ohio law precludes class actions under the laws Plaintiff cites unless the defendant was on clear notice that its practices were deceptive or unconscionable, and Plaintiff has not met and cannot

1

meet his burden of demonstrating that clear notice.  The Court therefore should dismiss all of Plaintiff's claims, and because he cannot cure the defects in his claims by amendment, the dismissal should be with prejudice.

## II.  STATEMENT OF FACTS

Wish.com, and the "Wish" mobile device application (collectively herein the "Wish Marketplace") give consumers access to an online market where independent sellers located around the world offer items for sale at low prices.  *See generally* Compl. ¶¶ 7-24.  Plaintiff alleges that he visited the Wish Marketplace in January 2016 and placed an order for "Mini Bluetooth Speakers 4.0" from seller "OnlyFly" for a price of $27.00, with free shipping.  *Id.* ¶ 19.  (The pictures Plaintiff included in his Complaint, however, are of a portable Bluetooth speaker with a price of $28.00, plus $11.00 for shipping.  *See id.* ¶ 19.  The Complaint does not explain the discrepancy.)

Plaintiff alleges that "customers on Defendant's website and/or *Wish* App are shown items on a page which displays a picture of the products with a percentage off marker in the top left corner."  Compl. ¶ 10.  However, he neither alleges nor displays an image showing that Wish.com depicted the Bluetooth speaker he purchased, or any speaker, with any kind of a discount percentage.  The image in paragraph 10 highlights handbags with the notation "-70%," a statement that, even if actionable, his Complaint does not allege to be false with respect to handbags available in the Wish Marketplace.  Plaintiff did not purchase a handbag.

The Bluetooth speaker depicted in Plaintiff's Complaint — which, given the difference in price between the $28.00 plus a shipping charge shown in his picture and the $27.00 with free shipping shown in his shopping cart, may or may not have been the speaker he purchased — listed the $28.00 price in bold type next to the image of "~~$300~~" in smaller, non-bold type.  Compl. ¶ 19.  Plaintiff's images of the Wish Marketplace process show no reference to a

2

"discount" price or a "sales price," and no statement that the "struck through" price was a "price for which" either ContextLogic (which is not itself a seller) or the actual seller "regularly sells the item." Compl. ¶¶ 11-15, 19.  These are simply characterizations Plaintiff makes about "~~$300~~," which speaks for itself.

Plaintiff alleges that he purchased "products" from the Wish Marketplace "for a total of $27.00."  Compl. ¶ 17.  He does not allege exactly what "products" he purchased, and he elected to paste only part of the image of his "View Order" page into the Complaint.  *See id.* ¶ 19.  The image shows just the first two lines of the "products" portion of the order page, stating "Mini Bluetooth Speakers 4.0 Su…" from "Store: OnlyFly."  *Id.*  As noted above, the total price ($27.00) Plaintiff claims he paid is less than the $28.00 price for the Bluetooth speaker depicted in the Complaint above the order page image, and the order page shows that Plaintiff was not charged the $11.00 shipping fee noted for the $28.00 speaker.

Plaintiff does not claim that any "products" he purchased from the Wish Marketplace were defective, damaged, or otherwise did not conform to his expectations.  He does not claim that ContextLogic or the actual seller of the products on the Wish Marketplace charged him a higher price than the $27.00 he agreed to pay.  Nor does he claim that the products he bought, for any reason, were worth less than $27.00.

## III.   ARGUMENT

Plaintiff suffered no injury here.  He received the benefit of his bargain and does not allege otherwise.  He therefore has no claim even on his own behalf, much less on behalf of others.  His individual claims should be dismissed because (1) he alleges no deceptive conduct by ContextLogic that violated Ohio's Consumer Sales Protection Act ("CSPA") or constituted common-law fraud; (2) ContextLogic fully performed any "contract" with Plaintiff because Plaintiff received the item he ordered for the price he agreed to pay; and (3) Plaintiff has not

alleged that ContextLogic has been "unjustly enriched."  Even were Plaintiff's individual claims

not all subject to dismissal, which they are, his class claims should be dismissed because the

CSPA narrowly constrains the circumstances under which a consumer plaintiff may bring a class

action under that statute, and Plaintiff's allegations fall well short of his legal burden to show

that ContextLogic had clear prior notice that the specific conduct alleged in the Complaint was

deceptive or unconscionable.  Accordingly, as set forth in further detail below, the Complaint

should be dismissed, with prejudice.[1]

## IV.    Plaintiff Has No Claim Under the Ohio CSPA, O.R.C. § 1345 *et seq.* (Count I)

### A.    Plaintiff's Individual Claim Fails Because He Fails to Identify How ContextLogic's Conduct is Prohibited by the CSPA

Plaintiff's individual CSPA claim is based upon three subsections of O.R.C. § 1345.02,

none of which prohibits the conduct Plaintiff challenges.

First, Plaintiff does not allege that ContextLogic represented the speaker he received to

have had "sponsorship, approval, performance characteristics, accessories, uses, or benefits that

[it] does not have," in violation of § 1345.02(B)(1).  Compl. ¶ 51(a).  Plaintiff complains about

the price he agreed to pay, but § 1345.02(B)(1) does not apply to representations about price.

Ohio Courts have uniformly applied this section only to representations about the *quality* of a

product, not its price, and Ohio courts have refused to apply it in cases involving allegedly

---

[1] "Dismissal [pursuant to Fed. R. Civ. P. 12(b)(6)] is appropriate when a plaintiff fails to state a claim upon which relief can be granted." *Steigerwald v. BHH*, LCC, No. 1:15 CV 741, 2015 WL 5559901, at *1 (N.D. Ohio Sept. 21, 2015).  In evaluating the legal sufficiency of a Complaint, "the court does not accept the bare assertion of legal conclusions as enough, nor does it accept as true unwarranted factual inferences." *Id., citing Gritton v. Disponett*, 332 Fed.Appx. 232 (6th Cir. May 27, 2009).  "Factual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).  "A plaintiff must 'plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.*, *citing Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

deceptive pricing.  *See, e.g. Pattie v. Coach, Inc.* 29 F. Supp.3d 1051, 1057 (N.D. Ohio 2014) (rejecting application of (B)(1) to allegations of deceptive comparison pricing); *Czewski v. Dave Arbogast Buick/Pontiac/GMC Truck*, No. 22187, 2008-Ohio-2872 (Ohio Ct. App. 2d Dist., June 13, 2008) (applying (B)(1) to representations regarding towing capacity of motor home); *Gallagher v. WMK Inc.*, No. 23564, 2007-Ohio-6615 (Ohio Ct. App. 9th Dist., Dec. 12, 2007) (applying (B)(1) to representations regarding safety features).  This Court should similarly reject the application of (B)(1) to the facts of this case, which have nothing to do with product quality.

Second, Plaintiff claims that the prices displayed on the Wish Marketplace violated § 1345.02(B)(5), which prohibits a supplier from representing that a product "has been supplied in accordance with a previous representation, if it has not, except that the act of a supplier in furnishing similar merchandise of equal or greater value as a good faith substitute does not violate this section."  Compl. ¶ 51(b).  Plaintiff attempts to state a violation of section (B)(5) by contending that when ContextLogic "supplied the product to Plaintiff, it failed to do so in accordance with its previous representation to wit: that the product was on sale." Compl. ¶ 51(b). This, too, is wrong, because Plaintiff does not even allege that ContextLogic or the seller of the item(s) he purchased advertised it or them as being "on sale," and the "$300" depiction in his Complaint is not portrayed as an original or reference price.  Further, much like (B)(1), the plain language of (B)(5) and its safe harbor for the provision of a "good faith substitute" demonstrates that (B)(5), too, regulates only representations about the quality of a product, not its price.  *See, e.g.*, *Byers v. Coppel*, No. 02CA2678., 2003-Ohio-3407, ¶ 2 (Ohio Ct. App. 4th Dist., 2003) (applying (B)(5) to allegations regarding the intentional substitution of inferior materials); *Teeters Constr. v. Dort*, 142 Ohio Misc.2d 1, 869 N.E.2d 756, 768 (Ohio Mun. Ct. Franklin Cty., 2009) (applying (B)(5) to representations about "performance characteristics or benefits").

5

Plaintiff makes no allegation that the product he received did not have the quality or characteristics that were represented to him, or that it was inferior in quality to the advertised product.  The Court should not apply section (B)(5) under these circumstances, either.

Third, Plaintiff claims that the prices displayed on Wish's website represent that "a specific price advantage exists, if it does not," in violation of section 1345.02(B)(8).  Plaintiff's Complaint, however, and the images of the Wish Marketplace copied therein do not refer to "price advantages." To the contrary, the Complaint confirms that Plaintiff was not exposed to any representations regarding a "sale," "discount," or "special offer" from any "regular," "original," or other special price.  In no prior case has a website display of a dollar figure with a line drawn through it been considered, without more, subject to (B)(8).  This Section also uniformly has been applied only to out-of-store *print* advertising by retail stores intending to drive traffic to traditional brick-and-mortar stores.  *See, e.g., Martin v. Lamrite W., Inc.*, 41 N.E.3d 850, 852, (Ohio Ct. App. 8th Dist., 2015), *appeal not allowed Martin v. Lamrite W., Inc.*, 145 Ohio St. 3d 1409, 46 N.E.3d 703 (Ohio 2016); *c.f. Steigerwald v. BHH, LCC*, No. 1:15 CV 741, 2015 WL 5559901, at *4 (N.D. Ohio Sept. 21, 2015) (distinguishing between advertising on website and advertising in newspapers under the CSPA).  The application of (B)(8) to unmarked prices listed on e-commerce websites would be an expansion of the Ohio Attorney General's regulations and "declaration of policy" regarding price comparisons.

In holding that an out-of-store print advertisement violated (B)(8), *Martin* examined the policy behind that Section and its understood limitation to out-of-store advertisements:

> The Ohio Consumer Sales Practices Act ("CSPA") expressly prohibits retailers from advertising "discounts" on a price other than the regular price. Ohio Adm.Code 109:4–3–12 describes a "declaration of policy" relating to price comparisons, stating:

> The rule stems from the general principle, codified in division (B) of section 1345.02 of the Revised Code, that it is deceptive for any claimed savings, discount, bargain, or sale not to be genuine, for the prices which are the basis of such comparisons not to be bona fide, genuine prices, and for out-of-store advertisements which indicate price comparisons to create false expectations in the minds of consumers.
>
> To that end, R.C. 1345.02(B)(8) makes it a deceptive act in a consumer transaction for a supplier to represent "that a specific price advantage exists, if it does not."

*Martin*, 41 N.E.3d at 852.

The regulations relied upon by Plaintiff serve only as further confirmation that § 1345.02(B)(8) <u>does not</u> apply to mere struck-through dollar figures on an e-commerce website. *See* Compl. ¶¶ 40-49, 54 (citing Ohio Admin. Code ("O.A.C") 109:4-3-12(E) and (F)).  The regulations governing price comparisons are "designed to define with reasonable specificity certain circumstances in which a supplier's acts or practices in advertising price comparisons are deceptive," and expressly limit their application to out-of-store advertisements.  *See* O.A.C. 109:4–3–12; *Johnson v. Jos. A. Bank Clothiers, Inc.*, No. 2:13-CV-756, 2014 WL 64318, at 4 (S.D. Ohio Jan. 8, 2014).  As stated by the plain language of section 109:4-3-12, the "rule deals ***only with out-of-store advertisements***" designed to "create false expectations in the minds of consumers" and "entice[] plaintiffs into the defendant's store."  *See Pattie,* 29 F. Supp.3d at 1057 (emphasis added) (rejecting the application of the "price advantage" regulations cited by Plaintiff to in-store advertisements); O.A.C. 109:4-3-12(A), (E), and (F).  Advertising a sale to attract traffic to a brick-and-mortar store in traditional out-of-store advertising, when in fact no sale is occurring, would violate the regulation.  *See* O.A.C. 109:4-3-12(B)(3) (defining "out-of-store advertising" as "any advertisement, message, or representation made by a supplier outside of its interior premises . . . includ[ing] . . . communications made via newspapers, television, radio, printed brochures, leaflets, fliers, billboards or signs painted on or posted in windows.")

Plaintiff, of course, viewed no "out-of-store" advertisement, and was not exposed to any representations regarding a "specific price advantage."  He visited an e-commerce website where goods were available at low prices, and he paid the price quoted to him on the site.  *See* Compl. ¶¶ 16-18.  The regulations thus are of no help to Plaintiff, and he fails to state a claim that ContextLogic violated the CSPA.

### B.  Plaintiff Has Not Suffered Any Injury Cognizable Under the CSPA

Even had Plaintiff been able to allege that ContextLogic violated the CSPA, Plaintiff suffered no injury and therefore has no ability to sue.  The Supreme Court of Ohio recently affirmed that "[p]erhaps the most basic requirement to bringing a lawsuit is that the plaintiff suffer some injury." *Felix v. Ganley Chevrolet, Inc.*, 145 Ohio St. 3d 329, 49 N.E.3d 1224, ¶ 36 (Ohio 2015).  The CSPA, too, explicitly requires that a plaintiff have suffered some form of actual injury.  *See* O.R.C. § 1345.09(A), (B).[2]  But a person who paid an agreed price for an item, received exactly the item he agreed to pay for, and does not complain about any aspect of the product's performance or value for the price he paid, has no injury cognizable under the statute.  *See, e.g.*, *Ice v. Hobby Lobby Stores, Inc.*, No. 1:14CV744, 2015 WL 5731290, at *7 (N.D. Ohio Sept. 29, 2015).  Plaintiff's theory of economic damages, that he is entitled to a partial rebate of his agreed purchase price, has no basis in precedent and would amount to a windfall recovery for him.

Plaintiff also has not alleged and cannot allege cognizable *non*-economic damages, such as mental distress.  As explained by the Court of Appeals of Ohio:

> Although the Ohio Supreme Court has not expressly defined the scope of "noneconomic damages" allowed under R.C. 1345.09(A), it has noted that Ohio

---

[2] Plaintiff's Complaint does not seek rescission of his transaction on the Wish Marketplace.  *See* Compl. ¶ 56.  Nor could he seek rescission.  Rescission is a remedy that flows from injury.  Plaintiff, however, knows nothing *now* about the product he purchased that he did not know at the time he made the purchase, and does not claim that it is worth less than he paid for it.

> courts and federal courts interpreting comparable federal consumer protection laws
> have awarded noneconomic damages for inconvenience, aggravation, frustration,
> humiliation, and mental distress caused by violations of the act. *See Whitaker v.*
> *M.T. Automotive, Inc.*, 111 Ohio St. 3d 177, 2006–Ohio–5481, 855 N.E.2d 825, ¶
> 21–22 (collecting cases). This interpretation is thus consistent with the general tort
> definition set forth in R.C. 2315.18(A)(4) and is sometimes referred to as damages
> for pain and suffering. *Id.* at ¶ 19, 855 N.E.2d 825.

*Favors v. Burke*, No. 98617, 2013-Ohio-823, ¶ 7 (Ohio Ct. App. 8th Dist., 2013).  Plaintiff's

Complaint does not allege any non-economic injury.  There is, in particular, no alleged "pain and

suffering" associated with Plaintiff's transaction on the Wish Marketplace.  Accordingly,

because Plaintiff has failed to plead actual economic or noneconomic damages, his individual

CSPA claim should be dismissed for this additional reason.

## V.      Plaintiff Has No Claim For Breach of Contract (Count II)

The Complaint makes clear that Plaintiff received the benefit of his bargain, and cannot

state a claim for breach of contract. "To state a viable breach of contract claim, [a plaintiff must]

allege (1) the existence of contract, (2) performance by plaintiffs, (3) breach by the defendant,

and (4) damage or loss to the plaintiff."  *Martin*, 41 N.E.3d at 856, ¶ 22, *citing Jarupan v.*

*Hanna*, 173 Ohio App.3d 284, 878 N.E.2d 66, ¶ 18 (Ohio Ct. App. 10th Dist., 2007).  Here,

Plaintiff agreed to pay $27.00 for "products" and does not allege that the Wish Marketplace

seller(s) with whom he contracted failed to deliver those goods for that price.  Ohio law requires

dismissal of breach of contract claims where a consumer plaintiff receives the product he

bargained for at the agreed upon price, regardless of any allegation that an advertised discount

from a higher price was illusory.  *See, e.g.*, *Ice*, 2015 WL 5731290, at *8 (dismissing breach of

contract claim in class action alleging false price discounts where "the contract, as evidenced by

the receipt, clearly show that Defendant provided Plaintiff with exactly what was promised"); *see*

*also Martin*, 41 N.E.3d 850 at 856, ¶ 22 (same).

"An enforceable contract in Ohio arises from a meeting of the minds . . . as to its essential terms, such as . . . the subject matter of the contract, consideration, a quantity term, and a price term." *Pattie*, 29 F. Supp.3d at 1058, *citing Scotts Co. v. Cent. Garden & Pet Co*., 403 F.3d 781, 788 (6th Cir.2005).  Where plaintiffs "do not allege that the items were defective or worth less than what they actually paid . . . they received the benefit of their bargain and no breach occurred." *Martin*, 41 N.E.3d 850 at 856, ¶ 22.  That is exactly what occurred here:  Plaintiff agreed to purchase an item or items from a seller or sellers on the Wish Marketplace, paid the price(s) quoted, and received what he ordered.  *See* Compl. ¶¶ 19, 58-62.  Plaintiff did not contract to receive a "discount" beyond $27.00, nor has he any basis to allege that ContextLogic contracted to charge him less than $27.00.  *See Ice,* 2015 WL 5731290, at *8; *Martin,* 41 N.E.3d 850 at 856 ¶ 22 ("The contracts at issue . . . involved a product, not a price for that product.").  *Cf. Pattie*, 29 F. Supp.3d at 1058 (finding that a "coupon does not constitute a contract").  This Court should therefore dismiss Plaintiff's breach of contract claim.

## VI.    Plaintiff Has No Claim For Unjust Enrichment (Count III)

Plaintiff cannot reframe his failed breach of contract claim as one for unjust enrichment.  Indeed, this Court should reject Plaintiff's unjust enrichment claim out-of-hand because Plaintiff alleges that an express contract governs the same subject.  *See Bartell v. LTF Club Operations Co.*, No. 2:14-CV-00401, 2015 WL 1730415, at *11 (S.D. Ohio Apr. 14, 2015); *Asp v. Toshiba Am. Consumer Products, LLC*, 616 F. Supp.2d 721, 739 (S.D. Ohio 2008) (both finding that unjust enrichment pleaded in the alternative is only appropriate where the validity of the express contract was at issue).  But even absent this clear prohibition on recasting a (failed) breach of contract theory as "unjust enrichment," Plaintiff's unjust enrichment claim should be dismissed because he "received the benefit of what [he] paid for in an arm's-length transaction," and it therefore would not "be unjust to allow [ContextLogic or a Wish Marketplace seller] to retain the

purchase price." *Martin*, 41 N.E.3d at 844, ¶ 16.  Unjust enrichment lies under Ohio law only where "a person has and retains money or benefits which in justice and in equity belong to another," which is simply not the case here.  *See id.*, *citing Johnson v. Microsoft Corp.*, 106 Ohio St. 3d 278, 834 N.E.2d 791, ¶ 20 (Ohio 2005).

"To prevail on a claim for unjust enrichment, a plaintiff must prove by a preponderance of the evidence that: (1) the plaintiff conferred a benefit upon the defendant, (2) the defendant had knowledge of such benefit, and (3) the defendant retained that benefit under circumstances in which it would be unjust for him to retain that benefit." *Martin*, 41 N.E.3d at 855 ¶ 15, *citing Johnson v. Microsoft*, 106 Ohio St. 3d 278, ¶ 20; *Hambleton v. R.G. Barry Corp.*, 12 Ohio St.3d 179, 465 N.E.2d 1298 (Ohio 1984).  Plaintiff fails to satisfy these elements.

Leaving aside that the seller(s) of the products Plaintiff purchased, and not ContextLogic as the provider of the Wish Marketplace, has most of the $27.00 Plaintiff paid for his products, retention by ContextLogic and the seller of the purchase price Plaintiff agreed to pay is not "unjust."  Plaintiff paid only what he agreed to pay and received exactly what he paid to receive. This is why the Court of Appeals of Ohio has rejected unjust enrichment claims in consumer class actions alleging false price discounts "[r]egardless of the nature of the discounts, [because plaintiffs] received the benefit of what they paid for." *Martin*, 41 N.E.3d at 855 ¶ 16, *citing Hughes v. Oberholtzer*, 162 Ohio St. 330, 123 N.E.2d 393, 397 (Ohio 1954).  This Court should follow this well-reasoned precedent, and dismiss Plaintiff's unjust enrichment claim.

## VII.    Plaintiff Has No Claim For Fraud (Count IV)

Plaintiffs claim for fraud fares no better.  "To maintain a claim of fraud under Ohio law, the plaintiff must plead: (1) a representation or, where there is a duty to disclose, concealment of a fact, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that

knowledge may be inferred, (4) with the intent of misleading another into relying upon it, (5) justifiable reliance upon the representation or concealment, and (6) a resulting injury proximately caused by the reliance." *Terlesky v. Fifth Dimension, Inc*., No. 1:15-CV-374, 2015 WL 7254189, at \*6 (S.D. Ohio Nov. 17, 2015), *citing Delahunt v. Cytodyne Tech*., 241 F. Supp.2d 827, 834 (S.D. Ohio 2003).  "Fed. R. Civ. Proc. 9(b) requires plaintiffs to plead the circumstances of the fraud with particularity; at a minimum they must plead the time, place and content of the alleged misrepresentation, the defendant's fraudulent intent, and the resulting injury." *Steigerwald*, 2015 WL 5559901, at \*4.  Plaintiff, however, fails to plausibly and specifically allege a misrepresentation by ContextLogic that he justifiably relied upon, and he has not, in any event, suffered an injury.

### A.     Plaintiff Fails to Plausibly and Specifically Allege a Misrepresentation by ContextLogic, and Justifiable Reliance Thereon

Plaintiff's Complaint fails to plausibly and specifically allege a misrepresentation by ContextLogic, and fails to allege "justifiable reliance" on any such misrepresentation.  Plaintiff's fraud allegations state that "[d]efendant represented to Plaintiff and the putative class members that they were receiving a discount," but that "the stated higher prices were not prices charged by Defendant," and that the price actually paid was therefore "not a discounted price at all." Compl. ¶¶ 78-87.  No support for these allegations, however, can be found in the images Plaintiff says "reflect" ContextLogic's alleged fraud and "evidence" the supposed "representations of pricing and discounts." *See* Compl. ¶¶ 18, 19.  The image of Plaintiff's "shopping cart" shows a struck-through "$300," but no representation about a "discount," "sale," "regular price," or "prices charged by [ContextLogic or the seller]."  *See id.*

### B.     Plaintiff Fails to Allege Injury Proximately Caused by Alleged Fraud

Even had ContextLogic misrepresented any facts to Plaintiff, which it did not, Plaintiff suffered no injury as a result because he received the benefit of his bargain.[3]  Plaintiff's (inadequate) allegation that he suffered financial harm as a result of being "induce[d] into making purchases" is fatal to his fraud claim.  Moreover, Ohio courts have found that the failure to allege "an injury above and beyond the reliance on the misrepresentation itself is fatal to the fraud claims asserted on behalf of [a consumer] class." *Delahunt*, 241 F. Supp.2d at 834.  Even in consumer cases where the actual quality or performance characteristics of a product are at issue, these courts have found that an attempt to recast CSPA or breach of contract claims as alleged fraud fail because they are barred by the economic loss rule. *Terlesky*, 2015 WL 7254189, at *6, *citing Delahunt*, 241 F. Supp.2d. at 834 (rejecting fraud claims by consumer class action plaintiff because she "suffered no physical or psychological injuries as the result of their use of the product at issue . . . [but] only financial harm as a result of having purchased a product that was not accurately described at the time of sale").

Under any measure of damages, Plaintiff has failed to allege an injury proximately caused by a misrepresentation by ContextLogic, and his fraud claim should be dismissed with prejudice for this additional reason.

### VIII.  Plaintiff's Class Claims Should Be Dismissed Because He Fails to Allege Prior Notice Under the CSPA or Actual Damages

Plaintiff's inability to plead a claim on his own behalf eliminates any need for the Court to consider Plaintiff's separate failure to satisfy his burden for pleading class claims under the CSPA.  In the event the Court allows any part of Plaintiff's individual claim to proceed, however

---

[3] ContextLogic disputes that any "benefit of the bargain" damages are appropriately considered in the context of Plaintiff's fraud claim, but nevertheless states that such a claim (even if proper) would fail.

— as it should not — Plaintiff's class claims fail for the same reason that other Ohio courts have rejected similar claims, including those brought by Plaintiff's counsel:  No Ohio court has ever accepted Plaintiff's theory, and none of the statutes or rules cited by Plaintiff prohibit the conduct alleged in the Complaint, so no seller could be on notice that the alleged conduct is in fact actionably unconscionable.  That alone is fatal to Plaintiff's class claims.  Plaintiff's lack of actual damages then provides a separate basis for dismissal of those claims.

A. **Plaintiff's Class Claims Under the CSPA Must Be Dismissed For Lack of Prior Notice**

A class action under the CSPA must satisfy the prerequisites of O.R.C. 1345.09(B), which includes prior notice that the alleged conduct has been declared deceptive or unconscionable under the Act.  *Ice*, 2015 WL 5731290, at *3, *citing* O.R.C. § 1345.09(B) ("In order to bring an action for violation of the OCSPA on behalf of a class, a plaintiff must allege that Defendant had prior notice that its conduct was 'deceptive or unconscionable.'").  *See also Pattie*, 29 F. Supp.3d at 1055, *citing Johnson v. Microsoft Corp.,* 155 Ohio App.3d 626, 636, 802 N.E.2d 712 (Ohio Ct. App. 1st Dist., 2003).  Prior notice can only be pleaded in two ways:

> "[A] plaintiff must allege that 'a specific rule or regulation has been promulgated [by the Ohio Attorney General] that specifically characterizes the challenged practice as unfair or deceptive,' or that "an Ohio state court has found the specific practice either unconscionable or deceptive in a decision open to public inspection."

*Ice*, 2015 WL 5731290, at *3, *citing Johnson v. Microsoft,* 155 Ohio App.3d at 636.  "**Lack of prior notice requires dismissal of class action allegations**." *Id.* (emphasis added), *citing Pattie,* 29 F. Supp.3d at 1055; *Bower v. International Business Machines, Inc.,* 495 F. Supp.2d 837, 841 (S.D. Ohio 2007).

As discussed above, the regulations cited by Plaintiff deal only with out-of-store advertisements designed to induce traffic to a physical store.  They do not on their face prohibit, and never have been construed to prohibit, the conduct alleged in the Complaint.  *See* Compl.

14

¶¶ 40-49, 54, *citing* Ohio Admin. Code ("O.A.C") 109:4-3-12(E) and (F)); *Pattie,* 29 F. Supp.3d at 1057 (emphasis added) (rejecting the regulations and cases cited by Plaintiff as prior notice regarding in-store advertisements); O.A.C. 109:4-3-12(A), (E), and (F); *Ice*, 2015 WL 5731290, at *4 (same).  The Complaint does not allege that Plaintiff viewed any "out-of-store" advertisement, but only that he saw representations about the product he purchased while browsing the Wish Marketplace.  *See* Compl. ¶¶ 16-18.  Accordingly, these "price comparison" regulations promulgated by the Ohio Attorney General cannot serve as prior notice that the Wish Marketplace operated in a manner contrary to those regulations.

Plaintiff also fails to point to any decision of an Ohio court that could serve as notice that the conduct alleged in the Complaint is deceptive or unconscionable.  For a case to serve as prior notice, it must address the specific conduct alleged in the Complaint, and the specific type of commerce involved.  *See Marrone v. Philip Morris USA*, 110 Ohio St. 3d 5, 850 N.E.2d 31, ¶¶ 17-21 (Ohio 2006).  Plaintiff must plausibly allege that defendant's conduct is "substantially similar to an act or practice previously declared to be deceptive."  *Id*.  Not only do the six cases Plaintiff cites fail to meet this standard, but Ohio courts already have held that they fail to do so.[4]

Five of the six cases Plaintiff cites in the Complaint are consent or default judgments, which categorically fail to provide prior notice under the CSPA.  *See Ice*, 2015 WL 5731290, at *4, *citing Gascho v. Global Fitness Holdings, LLC*, 918 F. Supp.2d 708 (S.D.Ohio 2013) ("consent decrees and default judgment cannot serve as the basis of prior notice"); *see also Pattie*, 29 F. Supp.3d at 1051; *Steigerwald*, 2015 WL 5559901, at *4 (same).  Accordingly, the Court should disregard the following cases cited by Plaintiff in their entirety:

---

[4] To the extent Plaintiff maintains that O.R.C. §§ 1345.02(B)(1) and 1345.02(B)(2) constitute sufficient prior notice for a class action under the CSPA, the Ohio Supreme Court has ruled that general prohibitions of this type are insufficient. *See Steigerwald,* 2015 WL 5559901, at *4, *citing Marrone v. Philip Morris USA, Inc*., 110 Ohio St. 3d 5.

- *State ex rel. Fisher v. Diamonds Columbus, Inc.*, Case No. 91CVH043316, PIF No. 10000102 (consent judgment). A copy of this case is attached hereto as Exhibit 1.

- *State ex rel. Montgomery v. International Diamond Exchange Jewelers, Inc.*, Case No. 96 5380, PIF No. 10001701 (consent judgment). A copy of this case is attached hereto as Exhibit 2.

- *State ex rel. Celebrezze v. Nationwide Warehouse & Storage, Inc.*, Case No. 90CVH086199, PIF No. 10001100 (consent judgment). A copy of this case is attached hereto as Exhibit 3.

- *State of Ohio ex rel. Petro v. Craftmatic Organization, Inc.*, Case No. 05-CVH-06-06060, PIF No. 10002347 (consent judgment). A copy is attached hereto as Exhibit 4.

- *State of Ohio ex rel. Rogers v. Indoor Environmental Air Consulting, LLC,* Case No. 08 CVH 03 4028, PIF No. 10002721 (default judgment). A copy of this case is attached hereto as Exhibit 5.

Even if this Court were inclined to disagree with this uniform precedent, none of the consent judgments Plaintiff cites involved conduct "substantially similar" to allegations in the Complaint. They all arose in the context of traditional brick-and-mortar retailers in different industries that made representations in newspapers, flyers, and other out-of-store advertisements. *See* Exs. 1-5. None of the consent judgments Plaintiff cites apply to internet commerce or to the mere display of a struck-through dollar figure, as challenged by Plaintiff in this case.

The only case cited by Plaintiff that is not a consent or default judgment also fails to provide prior notice under the CSPA. *Ogden v. Intrigue Jewelers, Inc., et al.*, Case No. 881 CVH 04 3316, PIF No. 10000637, attached hereto as Exhibit 6, does not present facts that are "substantially similar" to the conduct alleged in the Complaint. The defendant in *Ogden*, a

jeweler, advertised rings in an Ohio store showing a "regular price" and a lower, discounted "on sale" price.  "Regular price" is a term defined term under the Ohio rules, meaning an actual prior price charged by the same supplier.  *See* O.A.C. 109:4-3-04(F)(1).  The defendant in *Ogden* admitted that the explicit "regular prices" listed for the rings were actually estimations of competitors' prices, and failed to present evidence of the alleged program it used to set comparison prices.  Focusing on the defined term of "regular price" — which ContextLogic did not use in this case — and the *Ogden* defendant's admitted departure from that definition in its advertising, the Miamisburg Municipal Court, Small Claims Division, found that the alleged conduct was deceptive.

Even assuming a small claims judgment could suffice to put a seller not involved in that case on clear notice, the facts of *Ogden* are nowhere close to the facts of Plaintiff's case.  Here, the images from the Wish Marketplace that Plaintiff alleges to have relied upon make clear that ContextLogic made no representation about a "regular price," or portrayed the product he purchased as being "on sale" or "discounted."  *See* Compl. ¶ 19; *see also Ice,* 2015 WL 5731290, at *4 (rejecting *Ogden* as prior notice under the CSPA where no representations of a "regular price" was made).  The facts alleged in the Complaint involve a different medium, different industry, different representations, and alleged violations of different Ohio rules.  *See Steigerwald*, 2015 WL 5559901, at *4 (finding lack of prior notice where cases involved different industries and methods by which representations were made).  This Court should find that *Ogden* cannot serve as prior notice here.

Accordingly, Plaintiff's class claim under the CSPA should be dismissed for lack of notice. *Ice*, 2015 WL 5731290, at *3 (citing *Pattie,* 29 F. Supp.3d at 1055). [5]

### B.  Lack of Actual Damages Requires Dismissal of Class Claims

Plaintiff's failure to plead actual damages requires dismissal of his class claims for that additional reason, too. *See* O.R.C. § 1345.09(B); *Ice*, 2015 WL 5731290, at *7. "Plaintiffs bringing OCSPA class-action suits must allege and prove that actual damages were proximately caused by the defendant's conduct." *Felix*, 145 Ohio St.3d 329, 49 N.E.3d 1224, 2015-Ohio-3430, ¶ 31. *See also Johnson v. Jos. A. Bank*, 2014 WL 64318, at *7, *citing Butler v. Sterline, Inc.*, 210 F.3d 371, at *4 (6th Cir., Mar. 31, 2010); *Konarzewski v. Ganley, Inc*., No. 92623, 2009-Ohio-5827, ¶¶ 45-46 (Ohio Ct. App. 8th Dist., Nov. 5, 2009).  Plaintiff has pleaded no actual damages at all.

Plaintiff proposes that under the damages model he advocates, he should receive a refund of $25.00 and thus pay only $2.00, even though he concedes the product or products he purchased are worth the $27.00 he agreed to pay for them.  Ohio courts have rightfully rejected this "false discounts" theory where there is no allegation that a product was worth less than what the plaintiff actually paid.  *See Ice*, 2015 WL 5731290, at *7, *citing Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 740 (7th Cir. 2014); *Johnson v. Jos. A. Bank*, 2014 WL 64318, at *7.  *See also Cassidy v. Teaching Co., LLC,* No. 2:13-CV-884, 2014 WL 1599518, at *6 (S.D. Ohio Apr. 21, 2014).

The Plaintiff in *Ice* claimed that out-of-store advertisements of "always 50% off the marked price" in a Hobby Lobby bulletin were deceptive under the CSPA.  Much like Plaintiff

---

[5] Plaintiff's Counsel here was counsel for the plaintiffs in both the *Ice* and *Pattie* actions, where the same authority cited in Plaintiff's Complaint was rejected as prior notice under the CSPA.

does here, the Plaintiff in *Ice* sought "the amount of savings he was supposed to receive," but allegedly did not.  The District Court found that the plaintiff failed "to allege any reduced value" in the product he purchased, and that his class claims required dismissal as a result.  Put simply, the court agreed with Courts of Appeal that have found actual damages to be lacking where "plaintiffs agreed to pay a certain price for the defendant's merchandise, did not allege the merchandise was defective or worth less than what they actually paid, and did not allege that they could have shopped around and found a better price in the marketplace." *Id.*, *citing Camasta*, 761 F.3d at 740.  Actual damages under the CSPA are limited to "damages for direct, incidental, or consequential pecuniary losses" resulting from an act that violated the statute. O.R.C. § 1345.09(G).  The windfall damages sought by Plaintiff do not meet this standard, and his class claim therefore should be dismissed for that reason, too.

## IX.    CONCLUSION

For the reasons stated above, ContexLogic requests that this Court dismiss Plaintiff's Complaint with prejudice.

Dated:  June 10, 2016

Respectfully submitted,

 _/s/ Jeffrey S. Jacobson_____
Jeffrey S. Jacobson*
*jjacobson@kelleydrye.com*
Lauri A. Mazzuchetti*
*lmazzuchetti@kelleydrye.com*
James B. Saylor*
*jsaylor@kelleydrye.com*
Kelley Drye & Warren LLP
101 Park Avenue
New York, New York 10178
Tel: (212) 808-7800
Fax: (212) 808-7897
*pro hac vice*

David H. Wallace (0037210)
*dwallace@taftlaw.com*
Michael J. Zbiegien Jr. (0078352)
*mzbiegien@taftlaw.com*
Taft Stettinius & Hollister LLP
200 Public Square, Suite 3500
Cleveland, Ohio 44114-2302
Telephone: 216.241.2838
Fax: 216.241.3707

Attorneys for Defendant
ContextLogic, Inc.

## <u>CERTIFICATE OF SERVICE</u>

The foregoing was filed through the Court's electronic filing system this 10th day of June

2016.  Notice of this filing will be sent to all parties listed on the Court's electronic filing system.

Parties may access this filing through the Court's system.

<u>/s/ <i>Jeffrey S. Jacobson</i>              </u><br>One of the Attorneys for Defendant